# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0162, <u>State of New Hampshire v. Benjamin Boutin</u>, the court on May 14, 2021, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Benjamin Boutin, appeals his convictions, following a jury trial in Superior Court (<u>Bornstein</u>, J.), on two counts of selling a controlled drug and one count of possessing a controlled drug with intent to sell. We affirm.

On appeal, the defendant first argues that the trial court unsustainably exercised its discretion by limiting his attorney's cross-examination of a witness. The witness worked as a confidential informant for the New Hampshire Drug Task Force in May 2018, when the events giving rise to the charges against the defendant occurred. The defendant's trial counsel cross-examined the witness about his criminal history, including a 2014 forgery charge to which he had pleaded guilty, and a September 2019 conviction.

Defense counsel sought to elicit testimony that, as a result of a September 2019 conviction, the witness had a suspended sentence, and that, "if he commits another offense," the Coos County Attorney's office, which was prosecuting the defendant, was "the very office . . . that would be responsible for imposing the [suspended] sentence or bringing it forward." The State objected to this inquiry on relevancy grounds. The trial court sustained the State's objection in part, and overruled it in part. The court ruled that defense counsel could question the witness about the fact that he had a sentence, which was suspended for five years on the condition that he remain in good behavior, but that defense counsel could not ask the witness "who prosecuted that matter." The court explained, "[I]t doesn't matter who prosecuted it. . . . [Y]our argument is [the witness has the] motivation to cooperate with the State because he's got this suspended sentence that could be imposed on him by anybody."

Consistent with the trial court's ruling, defense counsel elicited the following testimony:

> Q  In the 2019 conviction for a felony, you received a suspended sentence that [is] suspended for five years from September 3rd, 2019?

A  Yes, Sir.
Q  And that requires that you remain of good behavior?
A  Yes, Sir.
Q  As part of the Drug Task Force agreement, you are asking the State for consideration on an additional charge[]?
A  Yes, Sir.

On appeal, although he acknowledges that the trial court "was correct that [the witness] was at risk no matter what office previously prosecuted him," the defendant contends that "the court erred in finding no relevance that the same office for whom he was offering testimony could influence his future freedom." The defendant argues that had the jury been informed that "the very prosecutor's office at whose behest [he] was currently testifying controlled the decision whether to move to impose [his] suspended sentence," the jury "could reasonably [have] conclude[d] that [the witness] felt an especial need to please this prosecutor with his testimony."

A trial court has broad discretion to fix the limits of proper areas of cross-examination, including attacks upon a witness's credibility. State v. Stowe, 162 N.H. 464, 467 (2011). "In determining the limits of cross-examination, a trial court must balance the prejudice, confusion, and delay of the proffered testimony against its probative value." State v. Rodriguez, 136 N.H. 505, 509 (1992). When, as in this case, the defendant does not argue that those limits violated his constitutional rights to confrontation, we review the trial court's decision under our unsustainable exercise of discretion standard. See State v. Stowe, 162 N.H 464, 467-68 (2011). To prevail under that standard, the defendant must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. See id. at 468.

Here, we cannot conclude that the trial court struck the wrong balance by allowing defense counsel to establish that the witness's sentence was conditioned on good behavior, but precluding defense counsel from identifying the prosecuting office. The defendant was allowed an ample level of inquiry as to the witness's motive to lie. Moreover, in closing argument, defense counsel made frequent reference to the witness's purported lack of credibility:

> The case literally comes down to – the two sales cases come down to [the witness]. And you had the opportunity to watch [the witness]. In the record, you have his forgery conviction, and you'll have the opportunity to remember what he had to say, how he presented himself. He says he's an honest, he's a good, he's a trustworthy person, and he's doing this for the better of the community.
> But he's a long-time drug user.
> . . . .

2

And you also heard that [the witness] had a problem with [the defendant]. He felt that [the defendant] was, you know, on the outs, and he felt comfortable saying [the defendant] was the guy. Now, these folks are – [the witness], in particular, he lied. He cheats. He steals. This is the guy who says I'm honest. When did he become honest?

So in 2014, he pled to a forgery. He comes to Court, and he says he's honest. He has another felony conviction in 2019. He looks you in the eye and he says he's honest. And he says he was 16. The paperwork has the math right there; he wasn't 16. Like, he had the audacity to look you in the eye and tell you that to try to make himself look better. He would say or do whatever he had to say or do.

Now, he also had consideration for the charges pending, and he was looking to help someone else with that.

So can you trust him? Would you let him sell you a house, and on his word say yeah, no radon. I'll just take your word for it. No lead paint. It's a good foundation. The roof is solid. Would you trust that?

. . . .

If it's a close race and you can't tell who the winner is, that is a reasonable doubt. If you don't know that you can trust the lab, if you don't know if you can trust [the witness], if you don't know that you can trust the word and the information that's getting put out from somebody who's a known forgerer and a known felon, then that's, maybe, close. And close isn't good enough.

. . . .

So last things that I want to talk to you about. I think that I – how we view the credibility of the witness. You heard the Judge give you an instruction about the credibility of a witness and that you could accept everything a witness says, you can accept some of what the witness says, you can disregard all of what a witness says, based on their credibility. And that's in the Judge's instructions.

But I ask you to be hyper-skeptical. Be like one of those people from Missouri that says show me. Show me where it is that I can trust the State's case. Show me where the reliability is from [the witness], from the lab, from the various problems that the State has in this case.

And when you analyze this case, we feel that the State has provided you with an untrustworthy, unreliable, and inaccurate presentation. And it's simply not worthy of finding [the defendant] guilty of the charges that he stands before you with. Thank you.

3

On this record, we conclude that the defendant has failed to establish that the trial court's decision limiting his counsel's cross-examination of the witness constituted an unsustainable exercise of discretion.

The defendant next asserts that the trial court erred when it denied his request for the following jury instruction:

> The testimony of some witnesses must be considered with more caution [than] the testimony of other witnesses.
>
> Thus,[] you have heard the testimony of an informant.  An informant is someone who provides information or evidence against someone else in return for some consideration, usually either the payment of money or an agreement by the State to reduce or drop charges against the informant or otherwise provide the informant with a more favorable disposition of the informant's own difficulties with the law than would otherwise be the case.  Under the law, the State has the right to use informants as witnesses.
>
> The testimony of such a person may be received in evidence, considered by you, and given such weight as the jurors feel it deserves.  The testimony of an informant may be enough in itself for conviction, if you find that it establishes the defendant's guilt beyond a reasonable doubt.
>
> However, it also is true that the testimony of an informant must be scrutinized by you with great care and caution in deciding what, if any, weight it should be given.  In particular, you must consider whether the testimony of an informant has been affected by the agreement the informant has struck with the State, or by the informant's own self-interest in the outcome of this case or by prejudice against the defendant.

The State objected to the requested instruction.  The trial court denied the defendant's request for the instruction.  The court concluded that its standard instruction on witness credibility "more than adequately cover[ed] the concerns that the Defendant wants to alert the jury to as far as [the witness's] testimony," and suggested that "this may be proper fodder for closing argument on the Defendant's part as far as why [the jury] should or should not believe [the witness] or certain aspects of [his] testimony."

The court subsequently instructed the jury:

> In deciding which witnesses to believe, you should use your common sense and judgment.  I suggest that you consider a number of factors: whether the witness appeared to be candid; whether the witness appeared worthy of belief; the appearance and the demeanor of the witness; whether the witness had an interest

4

in the outcome of the trial; whether the witness had any reason for not telling the truth; whether what the witness said seemed unreasonable or inconsistent with the other evidence in the case or with prior statements by the witness; and whether the witness had any friendship or animosity towards other people in the case. In deciding which witnesses to believe and how much of the testimony to believe, you should consider both the direct and the cross-examination of that witness.

You should consider these factors in deciding the credibility of all witnesses, whether they are ordinary citizens or police officers.

In short, you should consider the testimony of each witness and give it the weight that you think it deserves. You can accept all of what a witness has said, you can reject all of what a witness has said, or you can accept some of it and reject some of it.

The defendant argues that in denying his request for the specific instruction regarding the credibility of informants, the trial court erred. He contends that "a specific instruction was necessary in this case" because of "the importance of [the witness's] testimony to the State's case" and because the witness minimized his interest in the case. He further argues that the court "unreasonably relied on some facts while failing to consider other facts" relevant to the issue of whether the witness had received any consideration for his testimony or for his work as a confidential informant. The defendant also argues that the trial court should have given his requested instruction because it is worded similarly to an instruction that we approved in 1985 relating to accomplice liability.

Whether a particular jury instruction is necessary, and the scope and wording of jury instructions, are within the sound discretion of the trial court. State v. Carr, 167 N.H. 264, 270 (2015). We review the trial court's decisions on these matters for an unsustainable exercise of discretion. Id. When reviewing jury instructions, we evaluate allegations of error by interpreting the disputed instructions in their entirety, as a reasonable juror would have understood them, and in light of all the evidence in the case. Id. at 271. The trial court is not required to use the specific language requested by the defendant, id., and has the discretion to decide whether a particular charge will assist the jury in reaching a verdict, State v. Johnson, 157 N.H. 404, 407 (2008). The purpose of the trial court's charge is to state and explain to the jury, in clear and intelligible language, the rules of law applicable to the case. Carr, 167 N.H. at 271. We determine whether the jury instructions adequately and accurately explain each element of the offense and reverse only if the instructions did not fairly cover the issues of law in the case. Id.

The defendant has failed to persuade us that the trial court unsustainably exercised its discretion when it declined to give his requested instruction. "In this case, defense counsel had an opportunity to cross-

5

examine [the witness] and highlight any potential motives or biases that he may have had." State v. Knight, 161 N.H. 338, 343 (2011). "The trial judge chose to give a general credibility instruction, providing a number of factors for jurors to consider when assessing the weight of each witness's testimony." Id. Moreover, as the State aptly observes, the defendant's requested instruction "ran the risk of highlighting [the witness's] testimony," which could have suggested to the jury that the court was commenting on the evidence. "In New Hampshire, it is the practice of Superior Court judges not to comment upon the evidence or upon the credibility of witnesses in the charge to the jury." State v. Gribble, 165 N.H. 1, 30 (2013) (quotation omitted). "Such practice is prudent given that the influence of the trial judge on the jury is necessarily and properly of great weight and his slightest word or intimation is received with deference, and may prove controlling." Id. (quotation omitted). Under these circumstances, "[w]e cannot say that the choice to give the general credibility instruction, which highlighted certain specific factors for jurors to consider, rather than the defendant's requested informant instruction, was beyond the range of options from which one would expect a trial judge to select in such a situation." Knight, 161 N.H. at 343-44 (quotation omitted) (upholding the trial court's decision not to give the jury a special instruction regarding the credibility of inmate informants).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

6